(931 P.2d 34)
No. 75,018

STATE OF KANSAS, *Appellee,* v. TIMOTHY A. CARR, SR., *Appellant.*

—

Opinion filed January 17, 1997.

*Alice A. Craig,* assistant appellate defender, and *Jessica R. Kunen,* chief appellate defender, for appellant.

*Thomas J. Schultz,* assistant district attorney, *Nola Foulston,* district attorney and *Carla J. Stovall,* attorney general, for appellee.

Before ELLIOTT, P.J., KNUDSON, J., and WAHL, S.J.

KNUDSON, J.: Timothy Carr appeals his conviction of one count of sale of cocaine. He claims that the trial court gave an erroneous jury instruction on his defense of entrapment.

K.S.A. 21-3210 codifies the entrapment defense. It provides:

"A person is not guilty of a crime if his criminal conduct was *induced or solicited* by a public officer or his agent for the purposes of obtaining evidence to prosecute such person, *unless:*

"(a) The public officer or his agent merely afforded an opportunity or facility for committing the crime in furtherance of a criminal purpose originated by such person or a co-conspirator; or

"(b) The crime was of a type which is likely to occur and recur in the course of such person's business, and the public officer or his agent in doing the inducing or soliciting did not mislead such person into believing his conduct to be lawful." (Emphasis added.)

The instruction used by the trial court, based on PIK Crim. 3d 54.14, stated:

"Entrapment is a defense if the defendant is *induced or persuaded* to commit a crime which the defendant had no previous disposition or intention to commit. It is not a defense if the defendant originated or conceived the plan to commit the crime or when he had shown a predisposition for or an intention to commit the crime and was merely afforded an opportunity to carry out his intention to complete the crime and was assisted by law enforcement officers." (Emphasis added.)

Carr requested the following instruction regarding his entrapment defense:

"Entrapment is a defense if the defendant is *solicited* to commit a crime which the defendant had no previous plan to commit. It is not a defense if the defendant began the plan to commit the crime or when he had shown an intention for committing the crime and was merely afforded an opportunity to carry out his intention to complete the crime and was assisted by law enforcement officers." (Emphasis added.)

Carr's proposed instruction replaced the words "induced or persuaded" with the term "solicited." He argues that "solicited" has a much broader application than "induced or persuaded" and that "induced or persuaded" required the jury to find a higher level of coercion in order to allow the defense than was mandated by the entrapment statute.

In *State v. King*, 17 Kan. App. 2d 349, 352, 838 P.2d 349 (1992), the defendant argued that his jury instruction on entrapment, similar to that given in the instant case, was erroneous because it did not follow the statutory language of K.S.A. 21-3210. The defendant contended that substituting "persuaded" for "solicited" in the jury instruction was prejudicial because it was more difficult to show that he was "persuaded" than to show he was "solicited." 17 Kan. App. 2d at 353.

The *King* court recognized that while "persuasion" and "inducement" are synonymous, those terms represent more than "solicitation." 17 Kan. App. 2d at 354. The court found that the issue was not whether there had been a solicitation since both parties agreed that there had been one but whether the defendant, once solicited, had met the factual criteria in K.S.A. 21-3210 and the jury instruction. 17 Kan. App. 2d at 354.

As in *King*, neither party disputed the fact that a solicitation occurred. Both Carr and Officer Franklin testified that Franklin approached Carr and asked for a $20 rock of cocaine. In order for entrapment to be a valid defense, even under Carr's proposed instruction, the jury would still have had to determine whether it was Franklin's solicitation which *induced or persuaded* Carr to commit the crime in question or whether Carr was predisposed to commit the crime and was merely afforded an opportunity, in which case

the solicitation did not persuade him. See *King,* 17 Kan. App. 2d at 354.

We recognize that the *King* court also stated: *"Without a contemporaneous objection,* the faulty instruction cannot be said to be reversible error because the instruction, for the reasons set out above, was not clearly erroneous." (Emphasis added.) 17 Kan. App. 2d at 355. This statement formed the basis for syllabus ¶ 1 of the court's opinion: *"Absent a contemporaneous objection,* a jury instruction on the defense of entrapment which substitues the word 'persuade' for 'solicit' is not reversible error." (Emphasis added.)

The holding of the *King* court and Syllabus ¶ 1 are inconsistent with that court's reasoning and conclusion that inducement and persuasion are synonymous and presuppose a solicitation. It is apparent that the *King* court correctly concluded that while solicitation is a precursor to entrapment, it is the inducement or persuasion that is the gravamen of the wrong and the resulting defense. In other words, it is the inducement or persuasion that must be considered by the trier of fact; solicitation is a given, or the fact issue would never be raised.

We conclude that PIK Crim. 3d 54.14 is a correct statement of the defense of entrapment.

For the foregoing reasons, we determine that the trial court did not err in the giving of the entrapment instruction.

Affirmed.